J-S68042-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LEO JAMES BRUNORI, | : | |
| | : | |
| Appellant | : | No. 744 MDA 2017 |

Appeal from the Judgment of Sentence January 30, 2017
in the Court of Common Pleas of Lackawanna County,
Criminal Division, at No(s): CP-35-CR-0002128-2009

BEFORE:    LAZARUS, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED NOVEMBER 09, 2017**

Leo James Brunori (Appellant) appeals from his January 30, 2017 judgment of sentence of six to 12 months' imprisonment following the revocation of his probation.  Counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  We affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

On October 2, 2009, Appellant pled guilty to DUI: Highest Rate of Alcohol- second offense, and was sentenced to five years of intermediate punishment, with the first 90 days in confinement.

> On August 2, 2011, following a violation, [Appellant] was resentenced to a five year intermediate punishment sentence with the first [90] days in confinement.  On April 3, 2014, [Appellant] stipulated to violating the terms of his supervision and was resentenced to 84 days confinement followed by six months

---

*Retired Senior Judge assigned to the Superior Court.

SCRAM[1] house arrest and four years' probation. On June 19, 2014, as a result of [Appellant's] multi-day alcohol use while on SCRAM house arrest, [Appellant's] sentence was again[] revoked following a violation and resentenced to one year [and six] months to three years confinement, followed by one year of probation. [Pertinent to this appeal, on] January 30, 2017[, after a ***Gagnon II***[2] hearing, Appellant was] found in violation for the fourth time after he failed to report to his parole office, [and] was resentenced to six to 12 months' confinement consecutive to the parole hit he was serving in the SCI.

[Appellant] filed a motion for reconsideration of sentence on February 7, 2017, which was denied on March 31, 2017. Upon motion, counsel for [Appellant] was permitted to withdraw on March 10, 2017. [Appellant] filed a *pro se* notice of appeal on April 25, 2017, and new counsel was appointed.[3]

---

[1] SCRAM is alcohol monitoring house arrest.

[2] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

[3] At the outset, we recognize, as noted by the trial court, that Appellant's notice of appeal was not timely filed. To be considered timely-filed, Appellant's notice of appeal must have been filed thirty days after his judgment of sentence was entered, irrespective of an outstanding motion for sentence modification. **See** Pa.R.Crim.P. 708(e) ("A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period."). However, this Court has found that when a defendant is misinformed of his or her appellate rights, we will not quash an appeal for want of a timely filed notice of appeal. **See Commonwealth v. Coolbaugh**, 770 A.2d 788, 791 (Pa. Super. 2001) ("[I]n similar situations we have declined to quash the appeal recognizing that the problem arose as a result of the trial court's misstatement of the appeal period, which operated as a breakdown in the court's operation."). Here, following the imposition of Appellant's sentence, the trial court stated that Appellant was entitled to file a motion for reconsideration within ten days and "[i]f that's denied, you have the right to file an appeal to the Superior Court within 30 days **of that motion has** [*sic*] **been denied.**"). N.T., 1/30/2017, at 8 (emphasis added). In light of this misinformation that was relayed to Appellant, we decline to quash this appeal.

J-S68042-17

Trial Court Opinion, 7/11/2017, at 2-3 (unnecessary capitalization and repetition of quantities in numeral form omitted).

In this Court, counsel has filed both an **Anders** brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Further, our Supreme Court has specified the following requirements for the **Anders** brief:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is

- 3 -

frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and *Anders* brief, we conclude that counsel has substantially complied with the technical requirements set forth above.[4] Thus, we now have the responsibility "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting *Santiago*, 978 A.2d at 354 n. 5).

In her *Anders* brief, counsel states the following questions for this Court's review, which we have reordered for ease of disposition.

[1.] Whether the trial court erred and imposed an illegal sentence when it directed that [] Appellant serve a [six-to-12-month] sentence in a state correctional facility since the term of the sentence is less than [24] months, which is in violation of 42 Pa.C.S.[] § 9762?

[2.] Whether the trial court erred when it revoked Appellant's probation and abused its discretion or otherwise imposed an illegal sentence since his violation occurred before he began serving his probationary sentence, and therefore, did not constitute a violation of probation?

[3.] Whether the sentence imposed was inappropriately harsh and excessive since the violation was a technical violation and was not due to new charges being filed against Appellant?

---

[4] Appellant has not filed a response to counsel's petition to withdraw.

[4.] Whether the trial court erred in not waiting for the completed mental health evaluation in order to aid the court with determining the appropriate sentence?

[5.] Whether the trial court erred and abused its discretion when it directed that [] Appellant serve a [six-to-12-month] sentence in a state correctional facility since the term of the sentence is less than [24] months, which is in violation of 42 Pa.C.S.[] § 9762?

***Anders*** Brief at 5 (suggested answers and unnecessary capitalization omitted).

We first consider Appellant's claim that his sentence is illegal pursuant to 42 Pa.C.S. § 9762. Specifically, Appellant contends the trial court wrongfully imposed a mandate that his six to 12 month sentence be served in a state correctional institution as opposed to a county prison, in direct contravention to the above-referenced statute. ***Anders*** Brief at 14. We review this issue mindful of the following.

> As long as the reviewing court has jurisdiction, a challenge to the legality of the sentence is non-waivable and the court can even raise and address it *sua sponte*. Issues relating to the legality of a sentence are questions of law[.] As with all questions of law on appeal, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Infante***, 63 A.3d 358, 363 (Pa. Super. 2013) (internal citations and quotation marks omitted). Section 9762 provides the following in relevant part.

> **(b) Sentences or terms of incarceration imposed after a certain date. --** All persons sentenced three or more years after the effective date of this subsection to total or partial confinement shall be committed as follows:

(1) Maximum terms of five or more years shall be committed to the Department of Corrections for confinement.

(2) Maximum terms of two years or more but less than five years shall be committed to the Department of Corrections for confinement[.] …

(3) Maximum terms of less than two years shall be committed to a county prison within the jurisdiction of the court.

42 Pa.C.S. § 9762(b).

On appeal, counsel for Appellant notes that after the filing of this appeal, the trial court corrected its previous order and directed that Appellant's sentence be served in a county prison, and thus his sentence was no longer in conflict with the mandates set forth in 42 Pa.C.S. § 9762(b). ***Anders*** Brief at 14-15. Our review of the record confirms counsel's finding. ***See*** Order 7/18/2017 ("[U]pon review of [Appellant's] sentence in the above-captioned matter, it is hereby ordered and decreed that [Appellant] shall be remanded to Lackawanna County Prison to serve the remainder of the [six to 12] month sentence imposed on January 30, 2017[.]") (emphasis omitted). Thus, this issue is moot.

Appellant's remaining four issues all challenge the discretionary aspects of his sentence.[5] As such, we consider his claims mindful of the following. It

---

[5] It appears Appellant attempts to also assert a legality claim within his second issue, averring the trial court erred in imposing a sentence on a violation that occurred before he began serving his probationary sentence. ***Anders*** Brief at 11. Although worded as a legality claim, in reality, Appellant is questioning the trial court's authority to sentence Appellant on a violation that occurred prior to the beginning of his sentence. Even if we were to find that Appellant's claim implicates the legality of his sentence, as correctly noted by counsel,

is within this Court's scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation. ***Commonwealth v. Ferguson***, 893 A.2d 735, 737 (Pa. Super. 2006).

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
>> (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Samuel***, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Here, Appellant filed a notice of appeal after he filed a motion to reconsider sentence, which was denied by the trial court. Furthermore, the ***Anders*** brief contains a statement pursuant to Pa.R.A.P. 2119(f).

---

the issue has no merit. ***See Commonwealth v. Ware*** ("The fact that appellant had not commenced serving probation when the new offense occurred did not prevent the court from revoking its prior order placing appellant on probation.").

However, because the discretionary-aspects claims Appellant presents on appeal are not identical to the one he presented in his post-sentence motion, before considering whether Appellant's issues raise a substantial question, we must determine if Appellant's claims are properly preserved for our review. In so doing, we observe that

> challenges to a court's sentencing discretion must be raised during sentencing or in a post-sentence motion in order for this Court to consider granting allowance of appeal. Moreover, for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court. Thus, even if an appellant did seek … to attack the discretionary aspects of sentencing in the trial court, the appellant cannot support those claims in this Court by advancing legal arguments different than the ones that were made when the claims were preserved.

*Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008) (citations omitted).

In his post-sentence motion, Appellant requested a modification of his sentence, allowing him to "serve his sentence at the Lackawanna County Prison so that he may eventually be placed in the Work Release Center enabling him to more quickly return to work." Post-Sentence Motion, 2/7/2017, at 2 (unnumbered). At the hearing on Appellant's motion, counsel relayed that Appellant's sentence had been ordered to be served in a state correctional institution, and that he was requesting that his sentence be served in county jail, so that he may, in time, petition for work release. *See* N.T., 3/10/2017, at 2-3. Appellant did not include any of the discretionary aspects claims he now seeks to litigate on appeal within in his motion nor did

he argue these claims at the hearing. Therefore, we find his final four claims waived. **Rush**, 959 A.2d at 949. It is well-settled that waived issues are frivolous. **Commonwealth v. Kalichak**, 943 A.2d 285 (Pa. Super. 2008).

Thus, we agree with counsel that the issues raised regarding Appellant's sentence are frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous."[6] **Flowers**, 113 A.3d at 1248. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2017

---

[6] We reviewed the record mindful of the fact that "the scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the sentence imposed following revocation." **Commonwealth v. Infante**, 888 A.2d 783, 790 (Pa. 2005)